UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VERN HULSTEDT,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 22-cv-06688-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Before the Court is Defendants' motion to dismiss. Dkt. No. 8. The Court finds the motion appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion.

I.  **BACKGROUND**

This case arises out of a disciplinary action brought by the Medical Board of California against Plaintiff.[1]  *See* Dkt. No. 1. The Defendants are the Medical Board, the Department of Consumer Affairs, the State of California, and California Attorney General Rob Bonta. Plaintiff alleges violations of due process and lists several events that appear to be related to the underlying Medical Board proceeding. *See id.* at 2, 4–8. In particular, Plaintiff alleges that Bonta and Deputy Attorney General Thomas Ostly, who is not named as a defendant, perjured their oaths and failed to respond to various documents served by Plaintiff. *Id.*  Plaintiff seeks an injunction and damages.[2]  *See id.* at 7–8.

---

[1] Plaintiff also references a case he filed in state court case that has been removed and is now before this Court. *Hulstedt v. State of California*, Case No. 22-cv-07439-HSG.

[2] Plaintiff filed several documents after the reply was filed in violation of the local rules. *See* Dkt. Nos. 14–16, 18; Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except in circumstances not applicable here).

## II. LEGAL STANDARD

### A. 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that "[i]t is to be presumed that a cause lies outside . . . [a federal court's] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted). To meet this burden, the pleading party must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).

### B. 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

---

One of these filings was a "petition for writ of habeas corpus." *See* Dkt. No. 14. Plaintiff does not appear to be in custody or detention and a writ of habeas corpus is not appropriate here.

unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### III. DISCUSSION

Given Plaintiff's numerous references to due process violations and the Fifth Amendment, *see* Dkt. Nos 1, 11, the Court construes the complaint as bringing a claim under 42 U.S.C. § 1983.[3] The Court finds that Defendants are immune from suit and does not reach the remaining arguments.[4]

#### A.   California and its Agencies

"The Eleventh Amendment prohibits a private party from suing a nonconsenting state or its agencies in federal court." *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). Plaintiff's claims against the State of California, the Medical Board of California, and the Department of Consumer Affairs are all barred by Eleventh Amendment sovereign immunity, as

---

[3] "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Plaintiff's complaint also references numerous criminal statutes, *see* Dkt. No. 1 at 3, but these statutes "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Brown v. California*, No. 18-CV-07826-EMC, 2019 WL 2476603, at *3 (N.D. Cal. June 13, 2019) (no private cause of action for perjury).

[4] Defendants request judicial notice of administrative and judicial records related to the accusation against Plaintiff before the Medical Board. *See* Dkt. No. 9. The Court **GRANTS** the request: all of the documents are public records not subject to reasonable dispute. *See Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("[A court] may take judicial notice of the records of state agencies and other undisputed matters of public record."). The Court takes judicial notice only of the fact that these documents were filed.

none of these defendants have consented to suit.[5]  *See Forster v. County of Santa Barbara*, 896 F.2d 1146, 1149 (9th Cir.1990) (Medical Board is a state agency for purposes of sovereign immunity); *Cornwell v. California Bd. of Barbering & Cosmetology*, 962 F. Supp. 1260, 1266 (S.D. Cal. 1997) (same for Department of Consumer Affairs).

### B.    Attorney General Bonta[6]

The Eleventh Amendment also applies to Attorney General Bonta to the extent he is sued in his official capacity for damages, but not for damages in his individual capacity or for prospective injunctive relief for ongoing violations of federal law.  *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992); *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)).  However, here absolute immunity bars any claim for damages against Bonta, and Plaintiff does not allege ongoing violations of federal law.

"An attorney in the Attorney General's Office is immune from lawsuits for any action she commits in discharging her litigation-related duties." *Yoonessi v. Albany Med. Ctr.*, 352 F. Supp. 2d 1096, 1103 (C.D. Cal. 2005) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001)).  Although this does not extend to actions that are "wholly unrelated to or outside of [the attorney's] official duties," here Plaintiff's allegations are "for conduct related to litigation duties." *Bly-Magee*, 236 F.3d at 1018; *see also Read v. Haley*, 650 F. App'x 492, 494–95 (9th Cir. 2016) (district court properly dismissed claim against Senior Assistant Attorney General on the basis of prosecutorial immunity in case arising from medical license revocation); *Rhee v. Med. Bd. of California*, No. 2:18-CV-0105-KJM-DMC, 2019 WL 4025002, at *2 (E.D. Cal. Aug. 27, 2019) (finding Attorney General and Deputy Attorney General immune from suit because claims arose "out of their litigation-related duties in connection with the [Medical Board] investigation.").

---

[5] The State of California has not waived its immunity from Section 1983 lawsuits. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999).

[6] The same reasoning would apply to Ostly if he had been named as a Defendant.

For example, Plaintiff alleges that Bonta has "refused to provide and answer nature and cause questions" in the Medical Board proceeding.[7] *See* Dkt. No. 1 at 2, 4–7; *see also* Dkt. No. 11.

And as far as prospective injunctive relief goes, Plaintiff references *Young*, *see* Dkt. No. 15 at 3, but that exception does not apply here. "In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation omitted); *see also Papasan v. Allain*, 478 U.S. 265, 277 (1986) (*Young* applies where "the underlying authorization upon which the named official acts is asserted to be illegal" and the alleged violation of federal law is ongoing). Plaintiff's allegations relate only to past violations—that Bonta allegedly perjured his oath and failed to respond. *See* Compl. at 4–7; *Earley v. Kirchmeyer*, No. 516CV02274ABSK, 2018 WL 11352383, at *3 (C.D. Cal. Jan. 11, 2018), *R&R adopted*, 2018 WL 11352386 (C.D. Cal. Mar. 7, 2018), *aff'd*, 744 F. App'x 513 (9th Cir. 2018) (finding *Young* inapplicable because "the Complaint alleges facts related only to past conduct involving the investigation and adjudication in Plaintiff's specific case").

As a final note, Plaintiff now appears to ask that this Court "reverse" the Medical Board's decision. *See, e.g.*, Dkt. No. 18 at 3, 20. The Court takes judicial notice of the fact that the Medical Board revoked Plaintiff's license effective February 2023 upon denial of reconsideration.[8] But Plaintiff "must exhaust judicial remedies" by filing a petition under California Code of Civil Procedure § 1094.5, "the exclusive and established process for judicial review of an agency decision." *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1155 (9th Cir. 2018) (quotation omitted). In California, exhaustion of judicial remedies is necessary to avoid giving

---

[7] In January 2022, Bonta, acting as attorney for the director of the Department of Consumer Affairs, filed in state court a petition for an order to show cause and compel compliance with an investigational subpoena against Plaintiff. *See* Dkt. No. 9 at 18–31.

[8] Order Denying Petition for Reconsideration, *In the Matter of the Accusation Against Hulstedt*, Case No. 800-2021-079497 (Med. Bd. of Cal. Feb. 27, 2023); *see also* Dkt. No. 16 at 26–44. Given that Plaintiff's license has been revoked, any request to enjoin the Medical Board proceeding appears to be moot. *See Costantini v. Med. Bd. of California*, 34 F.3d 1071, at *3 (9th Cir. 1994) (unpublished).

1   binding effect to an administrative agency's decision.  *Id.*  Because there is no indication that

2   Plaintiff has filed a § 1094.5 writ petition, a claim challenging the Board's final determination is

3   precluded.  *See Freeman v. City of Port Hueneme*, 800 F. App'x 562, 562–63 (9th Cir. 2020).[9]

## IV. CONCLUSION

The Court thus **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiff's claims without leave to amend.  In reviewing Plaintiff's numerous filings, the Court is convinced that no amendment would overcome the deficiencies in Plaintiff's complaint.  The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[9] Moreover, the Court likely would apply the doctrine of *Younger* abstention and decline to enjoin a state matter involving Plaintiff's medical license.  *See Kenneally v. Lungren*, No. CV 91-5424 RJK, 1992 WL 163605 (C.D. Cal. Jan. 8, 1992), *aff'd*, 967 F.2d 329 (9th Cir. 1992) (applying *Younger* abstention to a request to enjoin a Medical Board proceeding); *Mir v. Kirchmeyer*, No. 12CV2340-GPC-DHB, 2014 WL 2436285, at *10–11 (S.D. Cal. May 30, 2014) (finding *Younger* abstention criteria satisfied where Plaintiff challenged Medical Board's decision to revoke license); *Mazaheri v. Pederson*, No. CV082508ABCVBKX, 2008 WL 11411417, at *1–2 (C.D. Cal. June 26, 2008) (same); *Martello v. Rouillard*, No. 2:15-CV-01798-CAS, 2015 WL 4093770, at *7 n.2 (C.D. Cal. July 6, 2015) (noting that the Court would find *Younger* abstention appropriate in case challenging Medical Board proceeding);